**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mary Annette Andermann,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Wolters Kluwer; Comsys,<br><br>　　　　Defendants. | No. CV 10-383-PHX-MHM<br><br>**ORDER** |

Defendant Source Healthcare Analytics, Inc., a subsidiary of Wolters Kluwer Pharma Solutions, Inc. ("Wolters Kluwer")[1] has filed a Motion and accompanying Memorandum in Support of the Motion to Dismiss Plaintiff Annette Andermann's Complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and. (Docs. 6, 7, and 9) Plaintiff filed a Response to the Motion on June 15, 2010 (doc. 14) and Defendant filed a Reply on July 2, 2010. (Doc. 17) Having reviewed the pleadings considered the Parties' briefs and determined that oral argument is unnecessary, the Court issues the following

---

[1] Defendant Source Healthcare Analytics, Inc. stated in its response that it had been improperly named as Wolters Kluwer.  Plaintiff does not deny that Source Healthcare Analytics is the proper defendant but rather states that she cannot be expected to know precisely for whom she was working in light of the complicated ownership structure of the company and the various name changes it has undergone.  Because Source Healthcare Analytics is a subsidiary of Wolters Kluwer Pharma Solutions, Inc., it is referred to as Wolters Kluwer through this Order.

Order.

## I. Background

### A. Plaintiff's Complaint

On February 22, 2010[1] Plaintiff, representing herself, filed a Complaint alleging that while she was an employee of Defendant Comsys and working as a contractor for Defendant Wolters Kluwer, Wolters Kluwer rehired another contractor who had previously shouted her down at her desk. Plaintiff also alleges that when she threatened to complain to the Equal Employment Opportunity Commission ("EEOC") about the alleged hostile environment created by rehiring the former contractor, she was terminated both in retaliation for the threat and on account of her Hispanic origin. Plaintiff also includes allegations that a manager at Wolters Kluwer communicated about her sexual orientation to other individuals employed by Wolters Kluwer. Plaintiff's Response includes attachments elaborating on the circumstances surrounding Wolters Kluwer's rehiring of the individual who had allegedly yelled at her in her cubicle. Plaintiff is alleging that Defendants, Wolters Kluwer and Comsys, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") by discriminating against her because of her national origin and creating a hostile work environment and also by retaliating against her for threatening to file suit. She seeks an injunction and damages including future pay, back pay, benefits, lost wages, compensatory and punitive damages.

### B. Defendant Wolters Kluwer's Motion to Dismiss

Defendant Wolters Kluwer filed a motion to dismiss Plaintiff's Title VII and intentional infliction of emotional distress claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and an accompanying memorandum in support of the motion. Defendant's motion states that because Plaintiff was by her own admission an independent contractor and not an employee of Wolters Kluwer, the Court should dismiss Plaintiff's Title VII claims against it because claims under Title VII can only be brought by employees and not by independent contractors. The motion also argues that Plaintiff has failed to allege conduct of the extreme and outrageous nature necessary to support a

1 claim for intentional infliction of emotional distress under Arizona law.

2       **III.    Standard for Motion to Dismiss**

3       To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P.
4 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the
5 speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965
6 (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) ("A dismissal for
7 failure to state a claim is appropriate only where it appears, beyond doubt, that the
8 plaintiff can prove no set of facts that would entitle it to relief.").   A complaint must
9 state a claim for relief that is plausible and that allows the court to draw the reasonable
10 inference that the defendant is liable for the conduct alleged. Ashcroft v. Iqbal, 129 S. Ct.
11 1937, 1949 (2009). "[A]ll well-pleaded allegations of material fact are taken as true and
12 construed in a light most favorable to the nonmoving party." Wyler Summit Partnership
13 v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). "[T]he court [is not,
14 however,] required to accept as true allegations that are merely conclusory, unwarranted
15 deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266
16 F.3d 979, 988 (9th Cir. 2001). In evaluating such a motion to dismiss, a district court
17 need not limit itself to the allegations in the complaint; courts may take into account
18 "facts that are [ ] alleged on the face of the complaint [and] contained in documents
19 attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

20       In addition, the Court must liberally construe pleadings submitted by a pro se
21 plaintiff, such as the Plaintiff in this case,  affording the plaintiff the benefit of any doubt.
22 Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, the
23 Court "may not supply essential elements of the claim that were not initially pled." Ivey
24 v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25       **IV.    Plaintiff's Title VII Claim against Defendant Walter Kluwer**

26       Defendant Wolters Kluwer argues that the Court should dismiss Plaintiff's Title
27 VII claims against it because Plaintiff admits she was an independent contractor so that
28 she lacks standing to assert a Title VII claim. The Court agrees. The protections of Title

- 3 -

VII extend to employees, but not to independent contractors. Adock v. Chrysler Corp., 166 F.3d 1290, 1293 (9th Cir. 1999). In her Complaint, Plaintiff states that she was "a Contractor onsite for Wolters Kluwer." (Doc. 1 ¶ 1). As an independent contractor, rather than an employee of Wolters Kluwer, Plaintiff has no Title VII claim against this defendant.

In her response to the Motion to Dismiss, Plaintiff cites a case in which the Second Circuit Court of Appeals reversed a district court's determination that an independent contractor was not entitled to Title VII protections. Salamon v. Our Lady of Victory Hosp., 514 F.3d 217 (2d Cir. 2008). In that case, however, the Court reversed the lower court's decision that a doctor was an independent contractor finding that the defendant sufficiently controlled the manner or means of her work. Plaintiff's complaint, however, includes no allegations supporting her claim to be an employee. On the contrary, the complaint clearly states that she was a contractor for Defendant Wolters Kluwer, whereas she was an employee of Defendant Comsys. In her response to the motion to dismiss, Plaintiff has confirmed that she was an employee of Comsys on a three month contract with Wolters Kluwer and that this contract was renewed, but that she was not made a permanent employee. Based on the information in the complaint dismissal of the Title VII claims against Wolters Kluwer is appropriate at this time.[2]

### V. Plaintiff's Intentional Infliction of Emotional Distress Claim

Defendant Wolters Kluwer also argues that Plaintiff's allegations do not amount to the extreme and outrageous sort of conduct that can support a claim for intentional infliction of emotional distress. The primary basis for Plaintiff's claim of Intentional

---

[2] Plaintiff also cites another case Dunn v. Washington County Hosp., 429 F.3d 689 (7th Cir. 2005) for the proposition that the protections of Title VII extend to independent contractors. In that case, however, the Court held that the fact that a hostile environment was created by the conduct of an independent contractor did not preclude the application of Title VII. As such, that case has no application in this case where the issue is whether Plaintiff has standing to bring Title VII claims against a Defendant who only hired her as an independent contractor.

- 4 -

1   Infliction of Emotional Distress is Wolters Kluwer's rehiring another contractor who
2   Plaintiff alleges had previously yelled at her in her cubicle.  Under Arizona law, a claim
3   for Intentional Infliction of Emotional Distress has three elements: "first, the conduct by
4   the defendant must be 'extreme' and 'outrageous'; second, the defendant must either
5   intend to cause emotional distress or recklessly disregard the near certainty that such
6   distress will result from his conduct; and third, severe emotional distress must indeed
7   occur as a result of defendant's conduct."  Ford v. Revlon, Inc., 153 Ariz. 38, 43 (1987).
8   Additionally, in order to prove IIED, the conduct complained of must have been  "so
9   outrageous in character, and so extreme in degree, as to go beyond all possible bounds of
10  decency, and to be regarded as atrocious, and utterly intolerable in a civilized community
11  ... in which ... an average member of the community would ... exclaim, 'Outrageous!'" Id.
12  (quoting the Restatement (Second) of Torts § 46 cmt.d (1965)).  "Atrocious and utterly
13  intolerable conduct that is actionable under § 46 is a 'quite narrow range' of conduct 'at
14  the very extreme edge of the spectrum of possible conduct.'"  Pankratz v. Willis, 155
15  Ariz. 8, 15 (App. 1987) (quoting Watts v. Golden Age Nursing Home, 127 Ariz. 255, 258
16  (1980)).  The conduct described by Plaintiff in the complaint that serves as a basis for this
17  claim – the alleged rehiring of a contractor with knowledge that the contractor shouted at
18  Plaintiff in her cubicle and the alleged spreading of Plaintiff's personal information by a
19  manager at Wolters Kluwer -- does not constitute the type of outrageous and extreme
20  conduct that qualifies as Intentional Infliction of Emotional Distress.

21  **IT IS HEREBY ORDERED** granting Defendant's Motion to Dismiss Plaintiff's
22  Title VII claims against Defendant Source Healthcare Analytics, Inc., incorrectly named as
23  Wolters Kluwer.  (Docs. 6, 9)
24  / / /

**IT IS FURTHER ORDERED** granting Source Healthcare Analytics, Inc.'s Motion to dismiss Plaintiff's claim for the Tort of Intentional Infliction of Emotional Distress against both defendants.

**IT IS FURTHER ORDERED** allowing Plaintiff fifteen (15) days to file an amended complaint.

DATED this 22nd day of September, 2010.

_____
Mary H. Murguia
United States District Judge